BRENDON J. ROHAN, ESQ.
POORE, ROTH & ROBINSON, P.C.
1341 Harrison Avenue
Butte, Montana 59701
Telephone: (406) 497-1200
Facsimile: (406) 782-0043
bjr@prrlaw.com

Attorneys for Defendant Peter Joseph Callahan

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| BRIAN JOHN TEMPLE,<br><br>        Plaintiff,<br><br>v.<br><br>PETER JOSEPH CALLAHAN; CITY OF HELENA; and ST. PETER'S HOSPITAL,<br><br>        Defendants. | Cause No. CV-15-046-H-SEH<br><br>**ANSWER OF PETER CALLAHAN** |

COMES NOW Defendant Peter Joseph Callahan (Callahan) and for his Answer to Plaintiff's Complaint, admits, denies and alleges as follows:

I.

Answering the allegations of paragraph 1.1 of Plaintiff's Complaint, Callahan is without sufficient knowledge or information to form a belief as to the truth of the allegation contained therein and therefore denies the same.

1. **ANSWER OF PETER CALLAHAN**

II.

Answering the allegations of paragraphs 1.2 and 1.3 of Plaintiff's Complaint, Callahan admits the same.

III.

Answering the allegations of paragraph 1.4 of Plaintiff's Complaint, Callahan admits that St. Peter's Hospital is located in Lewis and Clark County, Montana. He is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the same.

IV.

Answering the allegations of paragraph 2.1 of Plaintiff's Complaint, to the extent the allegations contained therein constitute legal conclusions, no response by Callahan is required. He does not challenge the jurisdiction of this court or the venue in which this lawsuit is now located.

V.

Answering the allegations of paragraph 3.1 of Plaintiff's Complaint, Callahan admits that on May 4, 2011, he was a detective sergeant for the Helena Police Department. On that date, he went to the Montana State Probation and Parole Office with the intention of meeting with and interviewing Temple relating to criminal activities in the Helena area, including thefts from a local coin shop. He admits that he entered a room where Temple and his probation officer were present and introduced himself. He admits that Temple bolted from the interview room down the hall and out the main door of the Probation and Parole Office.

Callahan is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the same.

VI.

Answering the allegations of paragraphs 3.2 through 3.4 of Plaintiff's Complaint, Callahan admits that he pursued Temple and that he ran to his truck that was parked nearby. He admits that during the initial pursuit, he drew his taser in the hopes of incapacitating Temple before he could reach his truck. He admits that Temple entered his truck, locked the doors, and refused to exit the vehicle despite repeated commands from Callahan to do so. Callahan admits that he struck the driver's side window of Temple's pickup truck several times with the butt of his taser. Callahan admits that Temple's pickup truck was angle-parked with the front abutting a sidewalk with vehicles parked on both sides. Callahan admits that Temple placed his truck in reverse and he began to back out of the parking space while Callahan tried to follow the path of the backing pickup truck as it emerged into the street. He admits that the path of the truck placed Callahan in front of the pickup truck and in the direction it appeared Temple intended to proceed. Callahan admits that when Temple shifted the truck into "Drive," he intended to move it in a forward direction and Callahan believed he was in the direct path of the pickup truck. He admits that at some point, he drew his service weapon, pointed it at Temple, and warned him one or more times not to move the pickup truck. He admits that Temple lowered himself in the seat, obviously attempting to make himself a smaller target as he continued to ignore

the commands from Callahan. Callahan admits that because he believed Temple created a threat of imminent, serious bodily harm or death to him and others, he fired a single shot through the windshield of the pickup truck. He admits he was able to avoid being struck by the pickup truck after he fired the shot as it sped westbound on Breckenridge Street toward North Rodney Street. Callahan denies the remaining allegations of these paragraphs, as alleged.

VII.

Answering the allegations of paragraph 3.5 of Plaintiff's Complaint, Callahan admits, based on information and belief, that at some point, Temple went to St. Peter's Hospital and was later transferred to Great Falls for further medical treatment. He is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the same.

VIII.

Answering the allegations of paragraphs 3.6 and 3.7 of Plaintiff's Complaint, to the extent the allegations contained therein reference or relate to persons or entities other than Callahan, no response on his behalf is required. Callahan admits that on May 4, 2011, he voluntarily provided blood and urine samples at St. Peter's Hospital. He is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of these paragraphs and therefore denies the same.

IX.

Answering the allegations of paragraph 3.8 of Plaintiff's Complaint, Callahan denies the same.

X.

Answering the allegations of paragraph 4.1 of Plaintiff's Complaint, Callahan realleges his responses to paragraphs 1.1 through 3.8 as if fully set forth herein.

XI.

Answering the allegations of paragraphs 4.2 through 4.5 of Plaintiff's Complaint, to the extent the allegations contained therein constitute legal conclusions, no response by Callahan is required. To the extent the allegations contained therein reference or relate to persons or entities other than Callahan, no response on his behalf is required. To the extent, if any, the allegations contained therein reference or relate to Callahan, they are denied.

XII.

Answering the allegations of paragraph 5.1 of Plaintiff's Complaint, Callahan realleges his responses to paragraphs 1.1 through 4.5 as if fully set forth herein.

XIII.

Answering the allegations of paragraph 5.2 of Plaintiff's Complaint, to the extent the allegations contained therein constitute legal conclusions, no response by Callahan is required. To the extent the allegations contained therein reference or relate to persons or entities other than Callahan, no response on his behalf is

required. To the extent any of the remaining allegations of this paragraph, if any, reference or relate to Callahan, they are denied.

XIV.

Answering the allegations of paragraph 6.1 of Plaintiff's Complaint, Callahan realleges his responses to paragraphs 1.1 through 5.2 as if fully set forth herein.

XV.

Answering the allegations of paragraph 6.2 of Plaintiff's Complaint, to the extent the allegations contained therein constitute legal conclusions, no response by Callahan is required. To the extent the allegations contained therein reference or relate to persons or entities other than Callahan, no response on his behalf is required. To the extent any of the remaining allegations of this paragraph reference or relate to Callahan, they are denied.

XVI.

Answering the allegations of paragraph 7.1 of Plaintiff's Complaint, Callahan realleges his responses to paragraphs 1.1 through 6.2 as if fully set forth herein.

XVII.

Answering the allegations of paragraph 7.2 of Plaintiff's Complaint, Callahan denies the same.

XVIII.

Answering the allegations of paragraph 8.1 of Plaintiff's Complaint, Callahan realleges his responses to paragraphs 1.1 through 7.2 as if fully set forth herein.

XIX.

Answering the allegations of paragraph 8.2 of Plaintiff's Complaint, Callahan denies the same.

XX.

Answering the allegations of paragraph 9.1 of Plaintiff's Complaint, Callahan realleges his responses to paragraphs 1.1 through 8.2 as if fully set forth herein.

XXI.

Answering the allegations of paragraph 9.2 of Plaintiff's Complaint, Callahan denies the same.

XXII.

Answering the allegations of paragraph 10.1 of Plaintiff's Complaint, Callahan realleges his responses to paragraphs 1.1 through 9.2 as if fully set forth herein.

XXIII.

Answering the allegations of paragraph 10.2 of Plaintiff's Complaint, to the extent the allegations contained therein constitute legal conclusions, no response by Callahan is required. To the extent the allegations contained therein reference or relate to persons or entities other than Callahan, no response on his

behalf is required. To the extent any of the remaining allegations of this paragraph reference or relate to Callahan, they are denied.

## XXIV.

Answering the allegations of paragraph 11.1 of Plaintiff's Complaint, Callahan realleges his responses to paragraphs 1.1 through 10.2 as if fully set forth herein.

## XXV.

Answering the allegations of paragraph 11.2 of Plaintiff's Complaint, to the extent the allegations contained therein constitute legal conclusions, no response by Callahan is required. To the extent the allegations contained therein reference or relate to persons or entities other than Callahan, no response on his behalf is required. To the extent any of the remaining allegations of this paragraph reference or relate to Callahan, they are denied.

## XXVI.

Callahan denies every Count, paragraph, and allegation of Plaintiff's Complaint not hereinbefore specifically admitted, denied, or qualified.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to allege sufficient facts to state any viable claims for relief against Callahan and should be dismissed with prejudice.

## SECOND AFFIRMATIVE DEFENSE

To the extent, if any, Plaintiff's Complaint properly alleges a federal constitutional violation by Callahan, the conduct of Callahan was objectively reasonable, based on the totality of the factual circumstances known to him, thereby entitling him to qualified immunity.

## THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint alleges a federal constitutional violation against Callahan, if any, his conduct was objectively reasonable, thereby precluding any such claim.

## FOURTH AFFIRMATIVE DEFENSE

The sole cause of Temple's claimed damages was his illegal, intentional, and wrongful conduct.

## FIFTH AFFIRMATIVE DEFENSE

Callahan justifiably utilized force likely to cause death or serious bodily harm because he reasonably believed that the force was necessary to prevent imminent death or serious bodily harm to himself or another and to prevent the commission of a forcible felony, all in compliance with Mont. Code Ann. § 45-3-102.

## SIXTH AFFIRMATIVE DEFENSE

Callahan was justified in his use of force to prevent the escape of Temple in compliance with Mont. Code Ann. § 45-3-106.

### SEVENTH AFFIRMATIVE DEFENSE

All of Plaintiff's claims for relief alleging negligent conduct on the part of Callahan are barred by the Public Duty Doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

Any alleged negligence on the part of Callahan, which he specifically denies, was less than the negligence of Temple, thereby precluding or proportionally reducing his damage recovery against Callahan pursuant to Mont. Code Ann. § 27-1-703.

### NINTH AFFIRMATIVE DEFENSE

Discovery may disclose that the apportionment provisions of Mont. Code Ann. § 27-1-703 are applicable.

### TENTH AFFIRMATIVE DEFENSE

Callahan is entitled to the collateral source offsets pursuant to Mont. Code Ann. § 27-1-308.

### ELEVENTH AFFIRMATIVE DEFENSE

Any alleged wrongful conduct on the part of Callahan, which wrongful conduct he specifically denies, occurred while he was lawfully acting within the course and scope of his employment as a law enforcement officer for the City of Helena, thereby entitling him to all protections and immunities set out in Mont. Code Ann. § 2-9-305.

### TWELFTH AFFIRMATIVE DEFENSE

Any damage recovery against Callahan would be subject to the statutory monetary limitations set out in Mont. Code Ann. § 2-9-108.

### THIRTEENTH AFFIRMATIVE DEFENSE

Discovery may disclose that Temple suffered from pre-existing physical and/or mental/emotional conditions unrelated to the events of May 4, 2011, thereby precluding or proportionally reducing his damage claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

Callahan is entitled to a reciprocal award of attorney fees to the extent allowed by applicable law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Discovery may disclose that Temple failed to reasonably mitigate his claimed damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Temple cannot seek dual recoveries from both a governmental entity and an individual acting on behalf of the governmental entity for the same subject matter and damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

An award of punitive damages against Callahan would be a violation of his federal and state constitutional rights, including, but not limited to, due process and excessive fines and punishments.

Callahan reserves the right to plead or withdraw such other Affirmative Defenses which through ongoing investigation and discovery are found to be applicable or inapplicable to the facts of this case.

CALLAHAN DEMANDS A TRIAL BY JURY OF ALL FACT ISSUES RAISED BY PLAINTIFF'S COMPLAINT.

WHEREFORE, Defendant Peter Joseph Callahan, having fully answered Plaintiff's Complaint on file herein, prays that the same be dismissed and that judgment be entered herein and that he be granted all such other and further relief as the Court in the premises deems equitable and just.

DATED this 27th day of May, 2015.

              /s/ Brendon J. Rohan
Brendon J. Rohan
Poore, Roth & Robinson, P.C.
Attorneys for the Defendant, Peter Joseph Callahan

# **CERTIFICATE OF SERVICE**

I certify that on May 27, 2015, a copy of the foregoing document was served on the following persons by the following means:

<u> 1, 2 </u> CM/ECF
<u>        </u> Hand Delivery
<u>        </u> Mail
<u>        </u> Overnight Delivery Service
<u>        </u> Fax
<u>        </u> E-mail

1. Clerk, U.S. District Court

2. David S. Freedman, Esq.
   P.O. Box 1157
   Miles City, MT 59301
   Attorney for Plaintiff, Brian John Temple

                                        /s/ Brendon J. Rohan
                                        Brendon J. Rohan
                                        Poore, Roth & Robinson, P.C.
                                        Attorneys for the Defendant, Peter
                                                 Joseph Callahan