IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

FILED

APR 1 1 2017

Clerk, U.S. District Court
District Of Montana
Helena

| | |
|---|---|
| BRIAN JOHN TEMPLE,<br><br>Plaintiff,<br><br>vs.<br><br>PETER JOSEPH CALLAHAN and<br>CITY OF HELENA,<br><br>Defendants. | No. CV 15-46-H-SEH<br><br>**OPINION AND ORDER** |

Introduction

Brian John Temple ("Temple"), through privately engaged counsel, David S. Freedman, Esq. ("Freedman"), filed this action in Montana First Judicial District Court, Lewis and Clark County, on May 3, 2013. Temple, at all times, was represented by Freedman as his counsel of record, who appeared and acted on Temple's behalf, including at the summary judgment hearing held on October 20, 2016. Defendant Peter Joseph Callahan ("Callahan"), through his counsel Brendan J. Rohan, Esq., removed the case to this court on May 20, 2015.

At the conclusion of the October 20, 2016, hearing the Court ordered entry of summary judgment dismissing Temple's claims. Judgment in favor of Defendants Callahan and City of Helena was entered October 20, 2016, and electronically served on counsel of record that same day.

Several months before the October 20, 2016, summary judgment hearing, Freedman moved to withdraw as counsel for Temple.[1] On February 17, 2016, the Court denied the motion to withdraw for failure to comply with L.R. 7.1 and L.R. 83.3 (a) or (b).[2] No additional or other request to withdraw was filed. Freedman remained as counsel of record for Temple after February 17, 2016, and continues in that role and with all attendant responsibilities as of today.

## Discussion

The rules of this court[3] governing submission of motions and substitution and withdrawal of counsel are L.R. 7.1, L.R. 83.3(a) and (b):

### 7.1 Motions

> **(a) Scope.** Except for pleadings under Fed. R. Civ. P. 7(a), pleadings in proceedings under 28 U.S.C. §§ 2241, 2254, or 2255, or applications for a temporary restraining order, Rules 7.1 and 7.2

---

[1] Doc. 33.

[2] Doc. 34.

[3] The United States District Court for the District of Montana, Local Rules of Procedure, Effective March 1, 2016.

-2-

apply to all written requests that the court take or refrain from taking a particular action, except where another rule provides otherwise.

. . .

**(c) Prerequisites to Filing a Motion.**

(1) The text of the motion must state that other parties have been contacted and state whether any party objects to the motion. Parties that have not yet appeared in the action or whose default has been entered need not be contacted.

### 83.3 Substitution and Withdrawal of Counsel.

**(a) Substitution of Counsel.** When a party changes attorneys, a notice of substitution signed by the incoming and the outgoing attorney must be filed by the incoming attorney. The incoming attorney is responsible for ensuring that he or she is added to the case for the correct party or parties and is properly designated to receive notices of electronic filing. When the incoming attorney makes an appearance, the clerk must terminate electronic service on the outgoing attorney. Substitution of counsel automatically revokes any consent to fax or e-mail service under Fed. R. Civ. P. 5(b)(E)-(F) or Fed. R. Crim. P. 49(b).

**(b) Withdrawal of Counsel.**

(1) When an attorney's withdrawal will leave any party without counsel for any period of time, the attorney may withdraw only by leave of court.

(2) A motion for leave to withdraw must state the client's last known mailing address and must be accompanied by either:

(A) the client's written consent to counsel's

>>>withdrawal, signed by the attorney and the client and acknowledging the client's obligation immediately to retain new counsel or appear *pro se*;
>>>or

>>(B) an affidavit of counsel showing that:

>>>(i) a notice of intent to file a motion to withdraw was personally served on the client at least 14 days prior to filing the motion to withdraw;

>>>(ii) the client has been advised of its obligation immediately to retain new counsel or appear *pro se* if the motion to withdraw is granted; and

>>>(iii) facts constituting good cause support withdrawal. A showing of good cause may be made by filing an ex parte affidavit separate from the affidavit addressing subsections (i) and (ii) above. An ex parte affidavit must be served on the client but need not be served on any other party.

Fed. R. App. P. 4 required a notice of appeal from the judgment of October 20, 2016, to be filed by November 21, 2016. No notice was timely filed. A late Notice of Appeal dated November 23, 2016, was filed on November 28, 2016.

On March 1, 2017, the Ninth Circuit Court of Appeals issued its Order remanding the appeal to this Court "for the limited purpose of allowing [this

Court] to rule on [Temple's] December 12, 2016 motion"[4] for extension of time to appeal under Fed. R. App. P. 4(a)(5). A hearing on the motion was scheduled for April 5, 2017.

The April 5, 2017, hearing commenced as scheduled. Temple was present. Counsel for each Defendant was present. Freedman was not present. The Court determined upon inquiry in open court that none of counsel of Defendants, or the clerk's office staff, or representatives of the Court security officers on duty had any information relating to or explanation of Freedman's absence.

On April 5, 2017, the Court issued its Order to Show Cause directed to Freedman to personally appear before the Court to show cause, if any, why he should not be held in contempt, sanctioned, or otherwise ordered to respond for his failure to appear at the April 5, 2017, hearing as ordered. The show cause hearing with Freedman present was held as scheduled on April 10, 2017.

Upon consideration of the record and the principles of *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004), the Court in the exercise of its discretion, has determined that Temple has not shown good cause or excusable neglect justifying filing of a late Notice of Appeal.

The record developed and before the Court at the October 20, 2016,

---

[4] Doc. 120 at 1.

summary judgment hearing overwhelmingly supported the Defendants' position favoring summary judgment. The record, likewise, clearly established the absence of any genuine issue of material fact, and that each defendant was entitled to judgment as a matter of law.

Temple was at all times material represented by counsel of his choosing in this private civil action. His counsel was apprised of the Court's Order granting judgment in favor of Defendants at the hearing on October 20, 2016. The Court's Judgment was entered and served upon counsel that same day.

As noted, Freedman knew of the Court's ruling and judgment on October 20, 2016. He was at that time Temple's counsel of record, charged with the duties and loyalties of counsel, and with the responsibility to protect Temple's interests. Freedman clearly knew Temple wanted to appeal. He spoke with Temple by telephone call on November 17, 2016.[5] He also confirmed in writing to his client on November 18, 2016, that the notice of appeal deadline was November 21, 2016.[6]

Freedman did not, even at the April 10, 2017, Order to Show Cause hearing, offer any valid justification or excuse for failing to timely file a notice of appeal,

---

[5] Motion for Extension of Time to File a Notice of Appeal at 1, *Temple v. Callahan*, No. 16-36002 (9th Cir. Dec. 12, 2016).

[6] *Id.* at 10.

which he plainly was duty bound to file on or before the November 21, 2016, appeal filing deadline in compliance with the client's instructions.

Prejudice to the Defendants arising from being obliged to defend an appeal from the granted summary judgment is apparent, including, among other reasons, the cost and delay of defense of the appeal. All delay in perfecting the appeal was totally, absolutely, and entirely within the control of Temple and his counsel. The delay resulted wholly from conduct of Temple and his counsel.

The stated reasons for the delay in Temple's *pro se* filing of a Notice of Appeal on November 28, 2016, arose at least in part from Temple's own conduct, including the unsupported by record assertion that Temple was "abandoned" by Freedman as his counsel, as well as from Freedman's failure, without justification or excuse, to timely file a notice of appeal.[7]

Moreover, Temple's suggestion that alternate counsel, who, incidently, never appeared of record, and allegedly "([was] available during the holidays) to properly represent the merit of Temple's civil complaint,"[8] remains unnamed and unidentified. Temple's further assertion that he "gradually became aware of the

---

[7] Notice of Appearance and Response to the Response of Appellee City of Helena at 2, *Temple v. Callahan*, No. 16-36002 (9th Cir. Dec. 27, 2016).

[8] *Id.* at 3-4.

October 20th District Court Order"⁹ is, on the record before the Court, unworthy of belief and will be disregarded.

No action was ever taken by Freedman as Temple's counsel of record to perfect the appeal in a timely manner, or at all. Moreover, he took absolutely no action to petition the Court to withdraw as counsel after judgment was entered as he could have. The delay which occurred cannot be attributed to actions carried out in good faith.

Temple's present late filing dilemma is the product of his own making. He has not, in the judgment of this Court, shown either "excusable neglect" or "good cause" justifying filing of the late Notice of Appeal.

ORDERED:

Temple's Motion for Extension of Time to File a Notice of Appeal¹⁰ is DENIED.

DATED this 11th day of April, 2017.

SAM E. HADDON
United States District Judge

---

⁹ *Id.* at 4.

¹⁰ Motion for Extension of Time to File a Notice of Appeal, *Temple v. Callahan*, No. 16-36002 (9th Cir. Dec. 12, 2016).